1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHL JONATHAN KENNEDY,

Plaintiff,

v.

COUNTY OF CONTRA COSTA, et al.,

Defendants.

Case No.  19-cv-04280-JSC

**ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 75

Plaintiff Johl Kennedy, representing himself, contends that Defendants violated his constitutional due process rights with respect to child support proceedings in Arizona and California family courts.  Defendants, Contra Costa County and various employees of the Contra Costa County Department of Child Support Services, move for summary judgment on Plaintiffs' claims.[1]  (Dkt. No. 75.)  After carefully considering the parties' briefs and the relevant legal authority, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the July 29, 2021 hearing, and GRANTS Defendants' motion for summary judgment.  Plaintiff has failed to identify evidence which creates a dispute of material fact regarding (1) whether Defendants violated his constitutional due process rights, or (2) whether he satisfied the claim presentation requirements of the California Tort Claims Act for his state law claims.

*//*

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 12, 15, 20.)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**SUMMARY JUDGMENT EVIDENCE[2]**

Plaintiff has been an Arizona resident since 2001.  (Dkt. No. 84-2 at ¶ 14.[3])  In 2011, he filed a petition with the Maricopa County Superior Court in Arizona (the "Arizona family court") to divorce his wife.  (*Id*.)  In 2012, the Arizona family court issued a Dissolution Decree which awarded sole custody of the couple's minor children to Plaintiff's ex-wife and ordered Plaintiff to pay child support.  (*Id*.; Dkt. No. 84-6.)  Two years later, Plaintiff's ex-wife moved to California with the couple's children and requested that the Contra Costa County Department of Child Support Services ("the Department") enforce the Arizona family court child support order.  (Dkt. No. 84-2 at ¶ 15; Dkt. No. 84-10.)  A few months later, Plaintiff "rented a second room in California to obtain more parenting time with my children." (Dkt. No. 84-2 at ¶ 16.)

In February 2015, Plaintiff contacted the Department and requested that they update the child support order and add both his Arizona and California addresses to his account.  (*Id*. at ¶ 17.)  Plaintiff was advised that "California does not have jurisdiction to modify the Arizona order.  The request to modify will have to be done in Arizona." (*Id*.; Dkt. No. 84-13.)  In August 2015, Plaintiff left his California rental and moved back to Arizona full-time.  (Dkt. No. 84-2 at ¶ 19.)  Four months later, Plaintiff moved to 12807 N. 30th Ave., Phoenix AZ 85029.  (*Id*.)  In February 2016, Plaintiff contacted the Contra Costa County Department of Child Support Services and requested that they update his address.  (*Id*.)  That same day, Plaintiff "verified my address 12807 N. 30th Ave Phoenix, AZ 85029 with the California Child Support Enforcement System and updated my account." (*Id*.; Dkt. No. 84-17.)

On May 16, 2016, Melinda Self, a supervising attorney with the Department, and Alyssa Cochran, a Child support Specialist II with the Department, filed a Registration of Foreign Support Orders (the "Registration Order") with the California family court which attached the Arizona family court's 2013 child support order.  (Dkt. No. 84-2 at ¶ 21; Dkt. No. 84-21.)  Although the proof of service states that the Registration Order was mailed to Plaintiff on May 16,

---

[2] Because this is Defendants' motion for summary judgment, the Court views the evidence in the light most favorable to Plaintiff.
[3] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

1    2016 at 12807 N. 30th Ave Phoenix, AZ 85029, Plaintiff attests that he did not receive the

2    Registration Order.  (Dkt. No. 84-22; Dkt. No. 84-2 at ¶ 21.)

3    On June 2, 2016, Plaintiff received a notice that a hearing was set for July 11, 2016 in the

4    California family court.  (Dkt. No. 84-2 at ¶ 22; Dkt. No. 84-24.)  Plaintiff attests that at the July

5    11, 2016 hearing Department employees Mary Lindelof and G. Boyd Tarin "told Judge Murphy

6    that I was a California resident, and that California had jurisdiction to modify my Arizona child

7    support order. I appeared by telephone from my Arizona residence and argued that I was an

8    Arizona resident, and that California lacks jurisdiction to modify my Arizona child support order."

9    (Dkt. No. 84-2 at ¶ 23; Dkt. No. 84-26.)  The hearing was then continued to October 7, 2016.  (*Id*.)

10   At the October 2016 hearing, Ms. Lindelof again appeared on behalf of the Department, and

11   according to Plaintiff, Ms. Lindelof again represented that Plaintiff was a California resident and

12   that California could modify the child support order.  (Dkt. No. 84-2 at ¶ 25.)  The California

13   family court issued an order requiring Plaintiff to reimburse his wife for certain medical expenses.

14   (Dkt. No. 84-27.)

15   In November 2016, Plaintiff (through pro bono counsel) filed a petition to modify his child

16   support with the Arizona family court.  (Dkt. No. 84-2 at ¶ 26; Dkt. No. 84-28.)  Three months

17   later, Susan Aires, a Child Support Specialist II with the Department, faxed documents to the

18   Arizona family court including the Registration Order.  (Dkt. No. 84-2 at ¶ 27; Dkt. No. 84-23.)

19   On March 8, 2017, the Arizona family court found that Arizona had jurisdiction over the matter of

20   child support and set a hearing date on Plaintiff's request to modify the child support order.  (Dkt.

21   No. 84-31.)  The Arizona family court thereafter set a status conference at which both a California

22   family court judge and Ms. Self from the Department appeared.  While both the Arizona and

23   California family court judges initially agreed that Arizona had jurisdiction over the child support

24   order, following Ms. Self's representation that the Department's position was that it did have

25   jurisdiction to modify because Plaintiff did not oppose the Registration Order, the judges changed

26   their position and found that California had jurisdiction over the child support order.  (Dkt. No.

27   84-25; Dkt. No. 84-35.)

28   In September 2017, Plaintiff's ex-wife filed a petition to modify the child support order

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    with the California family court.  (Dkt. No. 84-2 at ¶ 40.)  In response, Department employee

2    Cheryl Lebow filed a request for an order with the California family court which stated that "[i]f

3    jurisdiction is found to be appropriated [sic] and upon proper showing of changed circumstances,

4    set child support at the current guideline amount" and set a hearing date for later that month.  (Dkt.

5    No. 84-38 at 3.)  At the hearing, Nancy Adams and G. Boyd Tarin appeared on behalf of the

6    Department and the hearing was continued to July 2018.  (Dkt. No. 84-39.)  Plaintiff attests that at

7    the hearing the Department employees gave "false information to the court stating that he was a

8    California resident" at the time the Registration Order was filed.[4]  (Dkt. No. 84-2 at ¶ 42.)

9    Plaintiff also attests that in September 2017, Department employee Haley Riley "gave false

10   information, stating that the DCSS had a verified California address for me when they filed the

11   registration, and the AZ court most recently confirmed CA has jurisdiction over the issue of child

12   support on 7/27/17." (*Id*. at ¶ 43.)  Around this same time, on September 22, 2017, the

13   Department sent Plaintiff a letter which stated, among other things, that

14               DCSS has a verified address on file for the Complainant in CA and
             the AZ court most recently confirmed CA has jurisdiction over the
15           issue of child support on 7/27/17.  This issue cannot be resolved
             through the complaint resolution process and must be addressed by
16           the court.  Per our records, you had a court date on 9/20/17 to address
             this issue.
17

     (Dkt. No. 84-42 at 3.)  Plaintiff attest that he thereafter filed a "complaint with the DCSS Office of
18
     Administrative Hearings."  (Dkt. No. 84-2 at ¶ 44.)  Plaintiff's complaint was then set for hearing
19
     on January 17, 2017, and in a prehearing statement, Melinda Self as the Department Director,
20
     stated that:
21
22               When CA registered the AZ orders for modification on 5/16/2016
             (Exhibit F), the Complainant had 25 days to contest the validity or
23           enforcement of the orders.  The Complainant did not contest the
             registration with the registering court as required, and subsequently,
24           the AZ courts filed a Minute Order on 8/1/17 finding that CA has
             jurisdiction over legal decision making, parenting time and child
25           support (attached as Exhibit G).  The Complainant has appealed AZ's

26   ─────────────────────────
     [4] While Plaintiff's declaration states that the audio file for this and other hearings are attached,
27   neither the electronic nor paper version of Plaintiff's opposition briefing includes any audio files.
     *See Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (requiring a nonmoving party to "identify
28   with reasonable particularity the evidence that precludes summary judgment"; a district court need
     not "scour the record in search of a genuine issue of triable fact").

> findings regarding jurisdiction in that state.  CA has continued any
> further matters until that appeal has been completed.

(Dkt. No. 84-44 at 3.)  At the January 17, 2017 hearing regarding Plaintiff's complaint, the matter

was continued to the following month "in hopes of resolving outstanding issues."  (Dkt. No. 84-

43.)  Plaintiff attests that Department employees Danielle Smith and Haley Ridge admitted at this

hearing that his verified address at the time the Registration Order was filed was 12807 N 30th

Ave, Phoenix AZ 85029.  (Dkt. No. 84-2 at ¶ 47.)

In September 2018, the Arizona court of appeals reversed the Arizona family court's

dismissal of Plaintiff's petition to modify his child support order finding that Arizona did have

jurisdiction to modify the order and remanding for further proceedings.  (Dkt. No. 84-45.)  The

court stated in relevant part:

> We conclude that California can enforce the Arizona child support
> order because it was properly registered in California. Arizona did
> not, however, lose continuing, exclusive jurisdiction because
> California did not modify the Arizona order, despite the confusing
> 'for modification' language in the California caption. Accordingly,
> the superior court erred in dismissing Father's petition to modify.

(*Id*. at ¶ 14.)  Plaintiff attests that he did not refile his petition to modify child support and he

continues to pay child support pursuant to the California family court orders. (Dkt. No. 84-2 at ¶

52.)

## PROCEDURAL BACKGROUND

Plaintiff, proceeding without an attorney, filed this action in July 2019 alleging violation of

his procedural due process rights under 28 U.S.C. § 1983 and various state law claims and seeks

$1 million in damages.  (Dkt. No. 1.)  He names Contra Costa County and Contra Costa County

Department of Child Support Services employees Melinda Self, Haley Ridge, Danielle Smith,

Kelli Evans, Alyssa Cochran, Mary Lindelof, Cheryl Lebow, Susan Aires, Nancy Adams, and

Gilbert Boyd Tarin as defendants.  Defendants answered the complaint.  (Dkt. No. 13.)

On January 21, 2021, the Court entered an amended pretrial order and set a motion for

summary judgment filing deadline of May 6, 2021.  (Dkt. No. 74.)  In the Court's Order, the Court

advised Plaintiff of the consequences of failing to respond to Defendants' motion for summary

judgment in accordance with *Rand v Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc)

United States District Court
Northern District of California

1   (App A).  (*Id.*) Plaintiff filed a timely opposition to Defendants' motion for summary judgment.

2   (Dkt. No. 84.)  He also thereafter filed a motion for leave to file a sur-reply, a motion for leave to

3   permit late responses to his requests for admission, and a motion for leave to file a motion for

4   partial summary judgment.  (Dkt. Nos. 89, 91, 94, 95.)  The Court denied the latter motion as

5   Plaintiff had not shown good cause to modify the Court's scheduling order to allow late filing of a

6   motion for summary judgment.  (Dkt. No. 97.)

7          The Court directed Defendants to respond to Plaintiff's request to excuse his untimely

8   October 5, 2020 responses to Defendants requests for admission which had been served on June 3,

9   2020.  (*Id.*)  Defendants thereafter filed a statement of non-opposition.  (Dkt. No. 98.) "A trial

10  judge has discretion to permit a late response to a request for admissions made pursuant to Rule 36

11  [], and thus relieve a party of apparent default." *French v. United States*, 416 F.2d 1149, 1152 (9th

12  Cir. 1968). However, under Rule 36(b) the court can only do so "when (1) the presentation of the

13  merits of the action will be subserved, and (2) the party who obtained the admission fails to satisfy

14  the court that withdrawal or amendment will prejudice that party in maintaining the action or

15  defense on the merits." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (internal

16  quotation marks omitted).  Given Plaintiff's unrepresented status, the fact that the admissions

17  would otherwise be case dispositive, and the absence of any claim of prejudice by Defendants, the

18  Court exercises its discretion to excuse Plaintiff's late submission of his request for admission

19  responses.

20         In addition, the Court grants Plaintiff's unopposed request to file a sur-reply.  (Dkt. No.

21  89.)

22                                   **LEGAL STANDARD**

23         Summary judgment is proper where the pleadings, discovery and affidavits show that there

24  is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a

25  matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of

26  the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material

27  fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the

28  nonmoving party. *Id*. The moving party for summary judgment bears the initial burden of

United States District Court
Northern District of California

1    identifying those portions of the pleadings, discovery and affidavits which demonstrate the

2    absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).

3        When the moving party has met this burden of production, the nonmoving party must go

4    beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that

5    there is a genuine issue for trial. *Id.* If the nonmoving party fails to produce enough evidence to

6    show a genuine issue of material fact, the moving party wins. *Id.* At summary judgment, the Court

7    must view the evidence in the light most favorable to the nonmoving party: if evidence produced

8    by the moving party conflicts with evidence produced by the nonmoving party, the judge must

9    assume the truth of the evidence set forth by the nonmoving party with respect to that fact. *Tolan*

10   *v. Cotton*, 572 U.S. 650, 657-58 (2014).

**EVIDENTIARY OBJECTIONS**

12       Defendants have raised a number of evidentiary objections regarding the evidence Plaintiff

13   submitted in opposition to the motion for summary judgment. For the most part, the objected to

14   evidence is not material to the Court's decision and it is thus unnecessary to resolve Defendants'

15   objections. To the extent the Order cites to portions of Plaintiff's declaration or the exhibits

16   thereto to which Defendants have objected, the Court is not relying on any evidence for the truth

17   of the matter and thus any hearsay objection is overruled. *See* Fed. R. Evid. 801(c).

**DISCUSSION**

19       The gravamen of Plaintiff's claims is that Defendants—Contra Costa County, and various

20   employees of the Contra Costa County Department of Child Support Services—conspired to deny

21   him his due process rights when they registered a 2013 Arizona child support order in his

22   California family court case without providing him notice and when they made false statements

23   and interfered in his family court proceedings in Arizona and California.

24   **A. Plaintiff's Procedural Due Process Claims**

25       Procedural due process protects individuals against the depravation of liberty or property

26   by the government without due process. *Portman v. County of Santa Clara*, 995 F.2d 898, 904

27   (9th Cir. 1993). For purposes of due process, a person has a protected property interest in a benefit

28   only if they "have a legitimate claim of entitlement to it." *City of Castle Rock v. Gomez*, 545 U.S.

7

748, 756 (2005). A legitimate claim protected by the Fourteenth Amendment is one contractually or statutorily granted to a person.  *Id*. Most broadly, due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co*., 399 U.S. 306, 314 (1950). This opportunity must be provided "in a meaningful time and in a meaningful manner." *Logan v. Zummerman Brush Co*., 455 U.S. 527, 540 (1981). However, "due process is flexible and calls for such procedural protection as the situation demands." *Id*. A cognizable § 1983 claim based on procedural due process "has three elements: (1) a liberty or property interest protected by the Constitution, (2) a depravation of the interest by the government, and (3) lack of process." *Portman*, 995 F.2d at 904.

Plaintiff complains of two types of procedural due process violations here: (1) failure to provide notice of the Registration Order, and (2) interference in his California and Arizona family court proceedings in violation of federal and state child support statutes.  The Court addresses each in turn.

### 1. Notice of the Registration Order

"[O]ne of due process's central and undisputed guarantees is that, before the government permanently deprives a person of a property interest, that person will receive—at a minimum—notice."  *Wright v. Beck*, 981 F.3d 719, 727 (9th Cir. 2020) (internal citation omitted).   The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co*., 339 U.S. 306, 314 (1950).

Due process does not require "actual notice," but rather, only reasonable efforts to achieve it.  *Dusenbery v. United States*, 534 U.S. 161, 168-172 (2002).  In *Dusenbery*, the Supreme Court considered whether the government's attempt at serving notice to an individual of its intention to forfeit property seized at the time of his arrest satisfied due process's notice requirements.  The Court rejected the plaintiff's argument that he was entitled to "actual" notice and held that he had received constitutionally adequate notice where the government sent letters by certified mail to the correctional institution in which he had been incarcerated, the residence where he had been

arrested, and to his mother's home; and it published legal notice of the forfeiture for three consecutive weeks in a local newspaper. *Id.* at 164. The Court held that due process only requires reasonable efforts to achieve notice and that the government's efforts were reasonable. *Id.* at 169–71.

According to the proof of service attached to the Registration Order, it was mailed to Plaintiff on May 16, 2016 at 12807 N. 30th Ave. Phoenix, Arizona 85029-1303. (Dkt. No. 84-22 at 3.) Defendant Kelli Evans signed the proof of service attesting to service of the Registration Order under penalty of perjury. (*Id.*) Plaintiff does not dispute that this was his address at that time. (Dkt. No. 76-6, Kennedy Depo. at 124:13-16.) However, he contends that he never received the Registration Order. (*Id.* at 124:11-12.) The federal common law mailbox rule "provides that the proper and timely mailing of a document raises a rebuttable presumption that the document has been received by the addressee in the usual time." *Schikore v. BankAmerica Supplemental Ret. Plan*, 269 F.3d 956, 961 (9th Cir. 2001) (emphasis added); *see also* Cal. Evid. Code § 641 ("[a] letter correctly addressed and properly mailed is presumed to have been received in the ordinary course of mail."). The mailbox rule creates a presumption of mail receipt unless the intended recipient can rebut the presumption of receipt through actual evidence of non-receipt beyond a bare denial. *See Schikore*, 269 F.3d at 961 (stating that the mailbox rule is intended to avoid "swearing contests" between parties on the question of receipt by mail). Plaintiff has not identified any such evidence here.

Further, due process does not require actual receipt of the notice; rather, Defendants were required to make *reasonable efforts* to provide notice. *Dusenbery*, 534 U.S. 168-69. The evidence including the unrebutted application of the mailbox rule shows that Defendants made such reasonable efforts here. To the extent that Plaintiff suggests that Defendants lied regarding mailing the Registration Order, he has offered no evidence to support this theory and a party's "speculation does not create a factual dispute." *Witherow v. Paff*, 52 F.3d 264, 266 (9th Cir. 1995) (holding that a plaintiff's allegation that defendants *may have* read his mail did not create dispute of material fact). Accordingly, Plaintiff has failed to point to evidence from which a reasonable trier of fact could conclude that Defendants did not provide him constitutionally adequate notice

1    when they mailed the Registration Order to Plaintiff at his current address.

2    **2. Plaintiff's Liberty Interest in Defendants' Compliance with State and Federal Law**

3    The remainder of Plaintiff's procedural due process claim arises out of his theory that

4    Defendants illegally registered the 2013 Arizona child support order in his California family court

5    case and violated state and federal child support laws when they gave false information regarding

6    his residency and who had jurisdiction over the child support order in his family court proceedings

7    in Arizona and California.

8    **a) Filing the Registration Order**

9    Plaintiff has failed to show how filing the Registration Order interfered with a

10   constitutionally protected liberty or property interest.  He has offered no evidence suggesting that

11   he challenged the Registration Order in the California family court and that the California family

12   court set aside the Registration Order or has otherwise found that the Registration Order was

13   illegally filed.  Plaintiff cites various federal and state statutes, but he has failed to show as a

14   matter of law how registration of the 2013 child support order in California violated these statutes.

15   (Dkt. No. 84 at 26-28, (citing "28 U.S. Code §1738B FFCCSOA, 2008 UIFSA, SECTION 205,

16   California Code, Family Code - FAM § 5700.207, FAM § 5700.304, FAM § 5700.306, 22 CCR §

17   117403 and AZ Rev Stat §25-1225.").)   Further, while not dispositive of the claim, the Court

18   notes that the Arizona court of appeals found that "California can enforce the Arizona child

19   support order because it was properly registered in California."  *Kennedy v. Wybenga*, No. 1 CA-

20   CV 17-0559 FC, 2018 WL 4374636, at *3 (Ariz. Ct. App. Sept. 11, 2018).  Plaintiff argues on

21   surreply that this sentence relates to enforcement of an earlier order, but that is not apparent from

22   the order which earlier notes "Father contends that California lacked jurisdiction and improperly

23   registered the child support order for modification in May 2016 because he was at all times an

24   Arizona resident."  *Id*. at *2.

25   Even if Plaintiff could show—which he has not—that the Registration Order was

26   improperly filed in violation of a protected liberty or property interest, the undisputed evidence in

27   the record shows that the Registration Order provided a basis by which Plaintiff *could* challenge

28   the order.  It states in relevant part: "[i]f you want to contest the validity or enforcement of the

United States District Court
Northern District of California

1   registered order, you must request a hearing within 25 days of the date the notice was mailed to

2   you." (Dkt. No. 84-21 at 4.)  Drawing all inferences in Plaintiff's favor—including that he did not

3   receive a copy of the Registration Order—by his own admission he was aware as of July 11, 2016

4   (three months after the Registration Order was filed) that the California family court was

5   considering his ex-wife's request to modify the Arizona support order.  (Dkt. No. 84-2, Kennedy

6   Decl. at ¶ 23 (stating that he told the judge that "California lacks jurisdiction to modify my

7   Arizona child support order").)  The record does not reflect and Plaintiff does not argue that he

8   appeared or contested his ex-wife's request to modify the child support order at the continued

9   hearing; nor has Plaintiff identified evidence that he challenged or was denied the opportunity to

10   challenge the California family court's October 7, 2016 order modifying the child support order.

11   (Dkt. No. 84-27.)

12          Plaintiff has thus failed to identify evidence sufficient to support a finding that Defendants

13   deprived him of a protected liberty or property interest when they filed the Registration Order in

14   the California family court.

15                  **b)  Interference in the Arizona and California Family Court Proceedings**

16          Turning to Plaintiff's claim that he was denied due process because Defendants made false

17   statements and violated state and federal child support laws, the Court has difficulty discerning the

18   nature of this claim.  The party asserting the due process violation must provide a "careful

19   description" of the asserted liberty interest, and "vague generalities ... will not suffice." *Chavez v.*

20   *Martinez*, 538 U.S. 760, 775–76 (2003) (internal citation and quotation marks omitted).  To the

21   extent that Plaintiff's claim that Defendants made false statements in his California and Arizona

22   family court actions can be construed as a claim of defamation by a government actor which

23   caused a third party to harm Plaintiff's rights, defamation is generally not actionable under Section

24   1983. *See Paul v. Davis*, 424 U.S. 693, 695-97 (1976) (rejecting defamation allegations based on

25   lost employment opportunities due to police flyer incorrectly identifying plaintiff as an "active

26   shoplifter"); *Gillette v. Malheur Cty.*, No. 2:14-CV-01542-SU, 2016 WL 3180228, at *6 (D. Or.

27   May 3, 2016), report and recommendation adopted, No. 2:14-CV-01542-SU, 2016 WL 3190560

28   (D. Or. June 6, 2016), aff'd, 737 F. App'x 811 (9th Cir. 2018) (alleging that sheriff's department

1   official's false statements caused bank to repossess plaintiff's assets was insufficient to state

2   Section 1983 defamation claim); *Mazzeo v. Gibbons*, 649 F. Supp. 2d 1182, 1197 (D. Nev. 2009)

3   (blacklisting from employment by private businesses based on government actors' alleged

4   defamatory statements not actionable under Section 1983).

5          Nor has Plaintiff otherwise identified a protected liberty or property interest of which he

6   was deprived through Defendants' statements.  Plaintiff's interrogatory responses identify the

7   following statements as the basis for his claim:

8   - Ms. Lindelof and Mr. Boyd Tarin's statements at the July 11, 2016 California

9     family court hearing that California had jurisdiction to modify the child support

10    order because Plaintiff was a California resident.  (Dkt. No. 76-5 at 3-4, ROG Resp.

11    Nos. 6, 8.)

12  - Ms. Self and Ms. Lebow's September 7, 2017 statement in a filing with the

13    California family court on behalf of the County that "I request that if jurisdiction is

14    found to be appropriate and upon a proper showing of changed circumstances, set

15    child support at the current guideline amount."  (*Id.* at 4, ROG Resp. No. 10.)

16  - Ms. Aires' February 13, 2017 fax to the Arizona family court of filings from the

17    California family court proceedings. (*Id.* at 5, ROG Resp. No. 12.)

18  - Ms. Ridge's September 18, 2017 conversation with Plaintiff's personal aide in

19    which she stated that California had an active California address for Plaintiff in

20    their system when the Registration Order was filed.  (*Id.* at 5-6, ROG Resp. No.

21    14.)

22  - Ms. Smith's statements at a January 17, 2018 California family court hearing that

23    the County had verified that Plaintiff's address was 12807 N. 30th Street, Phoenix,

24    AZ 85029 two months before the Registration Order was filed, and that the Arizona

25    family court had "given California jurisdiction over child support."  (*Id.* at 6, ROG

26    Resp. No. 16.)

27  - Ms. Adams and Mr. Boyd Tarin's statements during a September 20, 2017

28    California family court hearing that Plaintiff was a California resident on May 16,

United States District Court
Northern District of California

12

1  2016 when the Registration Order was filed.  (*Id.* at 8, ROG Resp. No. 22.)

2  Plaintiff's opposition brief also identifies these statements:

3  • Ms. Self's July 27, 2017 statements to the Arizona family court stating that they

4     had a California address for Plaintiff at the time the Registration Order was filed

5     and that California had jurisdiction to modify the child support order.  (Dkt. No. 84

6     at 28-29.)

7  • Ms. Ridge's September 22, 2017 submission in response to Plaintiff's complaint in

8     the California family court action which stated that the Department had a California

9     address for Plaintiff at the time the Registration Order was filed and that the

10    Arizona family court stated that California had jurisdiction over the child support

11    order.  (*Id.* at 36 (citing Dkt. No. 84-42 at 3).)

12  Plaintiff, however, has failed to offer evidence that these statements were in fact made, or that,

13  even if made, that the statements were false.  Or further yet, that even if made and even if false,

14  that the making of the statements deprived him of a protected liberty or property interest.   Plaintiff

15  has thus failed to raise a triable issue of fact regarding whether Defendants' statements and actions

16  in his Arizona and California family court proceedings violated his procedural due process rights.

17  ***

18  Accordingly, Plaintiff has failed raise a triable question of fact or law with respect to his

19  procedural due process claim against the individual defendants.  Because Plaintiff fails to show an

20  underlying constitutional violation, he cannot establish *Monell* liability under § 1983. *See Patel v.*

21  *Maricopa County*, 585 Fed. Appx. 452, 452 (9th Cir. 2014) (holding that plaintiff's "*Monell* and

22  supervisory liability claims fail as there was no underlying constitutional violation").

23  **B. State Law Claims**

24  In addition to his federal constitutional claims, Plaintiff makes state law claims for: (1)

25  violation of California civil rights laws; (2) intentional infliction of emotional distress; (3)

26  negligent infliction of emotional distress; and (4) negligence.  While the Court could decline

27  supplemental jurisdiction regarding these state law claims given that it has concluded that there is

28  no basis for Plaintiff's federal claims which form the basis for jurisdiction here, because Plaintiff

United States District Court
Northern District of California

13

could invoke diversity jurisdiction given that the parties are diverse and he seeks $1 million in damages, *see* 28 U.S.C. § 1332, the Court will address Plaintiff's state law claims.

"The California Tort Claims Act requires anyone suing a public entity to first file a claim with the entity that includes a 'general description' of the alleged injury 'so far as it may be known at the time of presentation of the claim.'" *K.T. v. Pittsburg Unified Sch. Dist.*, 219 F. Supp. 3d 970, 981 (N.D. Cal. 2016) (quoting Cal. Gov't Code §§ 910, 945.4). "The purpose of [the California Tort Claims Act] is 'to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation.'" *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 446 (2004) (quoting *City of San Jose v. Superior Court*, 12 Cal. 3d 447, 455 (1974)). The California Tort Claims Act requires a party seeking to recover money damages from a public entity or its employees to present a written claim for damages to the entity within six months after accrual of the claim before filing suit in court. Cal. Gov't Code §§ 911.2(a), 945.4. The requirements of the California Tort Claims Act apply to suits against public employees as well as to public entities. *See Massa v. S. Cal. Rapid Transit Dist.*, 43 Cal. App. 4th 1217, 1222 (1996). Presentation of a written claim and action on or rejection of the claim by the Government Claims Board are conditions precedent to suit. Cal. Gov't Code § 945.4; *Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1111 (9th Cir. 2001); *California v. Super. Ct.*, 32 Cal. 4th 1234, 1239-40 (2004).

Defendants move for summary judgment on Plaintiff's state law claims for failure to comply with the California Tort Claims Act. Defendants have offered evidence that Plaintiff did not file a tort claim with the County regarding his damages claims against Contra Costa County. (Dkt. No. 77, Boyd. Decl. at ¶ 4.) Plaintiff has not responded to Defendants' motion with respect to the state law claims. Accordingly, because Plaintiff has failed to raise a triable issue of fact regarding whether his claims are barred under the California Tort Claim Act presentation requirements, the Court grants summary judgment in Defendants favor on the state law claims.

## CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment is GRANTED.

(Dkt. No. 75.)

The Clerk will enter separate judgment.

This Order disposes of Docket Nos. 75, 84, 89, 91.

**IT IS SO ORDERED.**

Dated: July 27, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California